UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION



AUTO PRIDE COLLISION EAST,
INC.,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.
_____/

Case No. 17-cv-11844

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7)

Plaintiff Auto Pride Collision East, Inc. ("Auto Pride") files this action against the United States seeking an abatement of tax penalties assessed for failure to file timely tax returns, failure to timely make required tax payments, and failure to timely make required tax deposits. Defendant the United States has filed a motion to dismiss arguing that Plaintiff has failed to satisfy the jurisdictional prerequisites for maintaining this abatement action and that therefore this Court lacks subject matter jurisdiction over the action. Defendant additionally argues that, even assuming the Court could entertain subject matter jurisdiction over the suit, the Complaint fails to state a claim upon which relief can be granted. The Court has determined that oral

1

argument will not assist the Court in resolving the matters raised in the motion and therefore will determine the matter on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court GRANTS the motion to dismiss.

**INTRODUCTION**

Auto Pride alleges in the Amended Complaint that it does not contest and has paid the underlying tax, which was not timely paid due to the negligence of a third party payroll service. Auto Pride admits in the Amended Complaint that it has not paid the penalties assessed for the admitted failures to file and to pay and seeks an abatement of those penalties in this action. The United States now moves to dismiss for lack of subject matter jurisdiction, asserting that Auto Pride has not met the jurisdictional prerequisites to filing this action, i.e. full payment of the assessed penalty. The United States alternatively argues that Auto Pride fails to state a claim on which relief can be granted because reliance on a third-party payer, who failed to timely file and pay Auto Pride's taxes, is not a "reasonable cause" excuse under the Internal Revenue Code to avoid the failure to file and failure to pay penalties.

For the reasons that follow, the Court concludes that Plaintiff has failed to meet the jurisdictional prerequisites for filing this action and therefore the Court lacks subject matter jurisdiction over these claims. Because the Court concludes that it lacks subject matter jurisdiction, it need not address Defendant's alternative argument

that Plaintiff's claim fails on the merits because the excuse proffered for failing to timely file and pay taxes does not meet the statutory "reasonable cause" standard.

I. BACKGROUND

The following allegations are taken from Plaintiff's Complaint. Auto Pride is a tax paying corporation formed under the laws of the State of Michigan. (ECF No. 3, Amended Complaint ¶ 1.) Plaintiff is subject to the employment and income tax requirements of withholding and remitting taxes withheld from employees' payroll checks to deposit and pay over to the United States Treasury. (*Id.* ¶ 4.) Beginning on or about the third quarter of 2011 and continuing through the last quarter of 2012, specifically: third quarter 2011, fourth quarter 2011, first quarter 2012, second quarter 2012, third quarter 2012 and fourth quarter 2012, Plaintiff failed to properly withhold, deposit, file and pay payroll deposits. (*Id.* ¶ 5.) At the time of these failures, Plaintiff had its payroll processes administered through a third-party payroll administrator who was a professional tax preparer and bookkeeper. (*Id.* ¶ 6.)

The Internal Revenue Service sent Plaintiff notices of the failure to remit and all said notices were received by the third-party payroll provider as agent of record for Plaintiff. Unknown to Auto Pride, the bookkeeper attempted to file and pay all the deficient returns and taxes prior to the principals of Auto Pride having knowledge of the issue. (*Id.* ¶¶ 7-8.) Upon assessment of significant penalties in addition to the

tax, the third party payroll provider approached the Plaintiff and explained what had happened. At that point in time, the original tax had been paid, with the only remaining debt being the penalty. (*Id.* ¶¶ 9-10.)

Shortly after these events occurred, Plaintiff terminated the third party payroll provider and hired another firm to provide the service. The new payroll firm, also an office of certified public accountants, filed a request to abate the penalties based in part on Plaintiff's reliance on a professional in handling the payroll responsibilities for Plaintiff. (*Id.* ¶¶ 11-12.) According to Plaintiff, the Internal Revenue Service did not reply to the requests of the Taxpayer in a timely manner and the Taxpayer filed a number of requests for an update or determination of its request continuing until March, 2017. (*Id.* ¶ 13, Ex. A.) The Plaintiff avers that the Taxpayer appeal was denied, according to the IRS, some time ago but only recently communicated to the taxpayer. (*Id.* ¶ 14.)

The United States submits the Declaration of Thomas P. Cole, the attorney from the Tax Division of the United States Department of Justice to whom this case has been assigned, which the Court may consider in determining whether it has jurisdiction to hear this case. (ECF No. 7-1, Sept. 6, 2017 Declaration.) Mr. Cole's Declaration attaches certain documents, including IRS Account Transcripts and correspondence between Auto Pride and Debra Barker, an IRS Revenue Officer, and

correspondence between Auto Pride and the IRS Appeals Office. Included among the Exhibits attached to Mr. Cole's Declaration is a May 28, 2013 letter from Robert Dunigan, President of Auto Pride, to Ms. Barker, requesting an abatement of all penalties and interest for 2011 and 2012. (ECF No. 7-3, May 28, 2013 letter.) The letter explains that in early 2013, the IRS informed Mr. Dunigan that the required withholding deposits were not being timely filed and that timely quarterly reports were not being filed. (*Id.*) The letter explains that the Mr. Dunigan inquired of the bookkeeper regarding this notice and was assured that all taxes were current and up to date. Upon further investigation, it was discovered that the payments were not being made, causing the business owner to promptly pay the outstanding amounts, fire the bookkeeper, and hire a CPA firm to do the payroll and taxes.

On June 20, 2013, Revenue Officer Barker responded to the May 28, 2013 letter, and denied the request for a penalty adjustment, explaining that the information contained in the May 28, 2013 letter did not establish reasonable cause for adjusting the penalty and explaining to Plaintiff the Appeal Procedures. (ECF No. 7-4, Cole Decl. Ex. 3, June 20, 2013 Letter.) On July 1, 2013, Robert Taylor of the CPA firm Taylor & Morgan sent a letter to Ms. Barker stating that Auto Pride would like to appeal the tax decision regarding their abatement request and stating that a detailed explanation would follow explaining Auto Pride's entitlement to relief. (ECF No. 7-

5, July 1, 2013 Letter.) On October 30, 2013, Leonard Bartold of the IRS Appeals Office sent a letter to Mr. Dunigan at Auto Pride explaining that based on the facts presented, "including the additional information you submitted," the determination had been made that there was "no basis for abatement of the penalty(s) . . . within the protective framework of reasonable cause." (*Id.*) The letter explained that the case was then closed in Appeals and explaining that in order to file suit with the United States District Court or the United States Court of Federal Claims, Auto Pride had to pay the balance of the assessed penalty, file a Form 843, Claim for Refund and Request for Abatement, with the IRS Service Center which would issue a formal notice of claim disallowance, giving Auto Pride two years to bring formal suit. (*Id.*)

A year later, on October 10, 2014, Auto Pride's present counsel wrote a letter to the IRS attaching Form 843s for Auto Pride for the last two quarters of 2011 and all quarters of 2012, dated October 10, 2014, and asking for "consideration" of the enclosures. (ECF No. 7-7, Oct. 10, 2014 Letter.) In response to the October 10, 2014 letter from Mr. Salim, on November 5, 2014, the IRS sent Auto Pride a letter explaining that a review of the case file shows that Auto Pride had previously exercised its appeal rights with respect to the penalties assessed. (ECF No. 7-8, Nov. 5, 2014 Letter.) The letter again explained that the next level of appeal would be to file a petition with the court, which could be done "after the penalties are paid" and

6

a claim for refund had been filed with the Service Center and a formal disallowance issued. (*Id.*)

The Plaintiff's Complaint contains three counts for "abatement of penalty" under IRC §§ 6651, 6652, and 6656.

## II. STANDARD OF REVIEW

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Thus, a motion to dismiss on the basis of sovereign immunity tests the Court's subject matter jurisdiction. *Memphis Biofuels, LLC v. Chickasaw Nation Industries, Inc.*, 585 F.3d 917, 919-20 (6th Cir. 2009). Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion. *Gentek*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction. "Where . . . there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no

presumptive truthfulness applies to the allegations" and "the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.*

### III. ANALYSIS

The United States retains its sovereign immunity from suit unless it has consented to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Where a sovereign consents to suit by statute, the terms of the statute dictate the jurisdictional prerequisites to maintaining suit against the sovereign and the burden is on the plaintiff to establish compliance with the statutory prerequisites. *See Brott v. United States*, 858 F.3d 425, 430 (6th Cir. 2017) ("Congress may generally condition any grant of jurisdiction over suits against the United States by requiring that such suits be brought in a specific forum or by limiting the means by which a right is enforced."); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1992) ("The burden is on the plaintiff since the statute outlines the terms under which the United States has waived sovereign immunity and thereby consented to suit.").

Plaintiff asserts that jurisdiction is proper in this Court against the United States for its abatement claim under 28 U.S.C. § 1346. Section 1346(a)(1) provides that a district court has original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously

8

or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." Plaintiff also contends that jurisdiction is established under 26 U.S.C. § 7422, which permits actions seeking refunds of amounts paid, but Plaintiff is not seeking a refund of any amounts paid and did not file a refund action, which is a jurisdictional prerequisite under § 7422.

It is firmly established that, generally speaking, a claim for a tax refund cannot be brought in court until the disputed tax liabilities have been paid. In *Flora v. United States*, 362 U.S. 145, 146 (1960), the Supreme Court expressly held that "full payment of [a tax] assessment is a jurisdictional prerequisite to suit," under 28 U.S.C. § 1346(a)(1), the provision under which Plaintiff claims jurisdiction lies in this action. (Am. Compl. ¶ 3.) The Sixth Circuit has acknowledged *Flora's* full payment rule numerous times. *See, e.g. Peppers v. United States*, 485 F. App'x 85, 87 (6th Cir. 2012) ("As a general rule, a taxpayer must pay his or her full tax liability before filing suit in federal court.") (citing *Flora*); *Martin v. C.I.R.*, 753 F.2d 1358, 1359 (6th Cir. 1985) ("The Supreme Court has held that under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness by a suit for refund in district

court.") (citing *Flora*); *Bouquett v. United States*, 142 F. 3d 432, at *2 (6th Cir. 1998) (unpublished table case) ("a district court lacks jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 unless a taxpayer files a claim for a refund of disputed taxes and pays the full amount of a tax deficiency before filing suit") (citing *Flora*).

There are exceptions to *Flora's* full payment rule, including the rule Plaintiff suggests supports his argument here, which was announced in *Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993). In *Shore*, the Court of Claims held that where a refund is sought on the underlying tax, and full payment has been made on that underlying tax liability, a claim may proceed to court without payment of assessed penalties and interest where "the court's decision on the tax refund issue would also determine whether the taxpayers owed the interest and penalty" that has been assessed on the tax liability. *Id.* at 1527.

The facts relevant to resolution of Defendant's challenge to subject matter jurisdiction are not in dispute. Plaintiff pleads that Auto Pride does not contest the underlying tax liability and that the delinquent taxes have been paid in full. Plaintiff also concedes that it has not paid any of the assessed penalties as to which he seeks abatement. Plaintiff admits that it owes (and has paid) the underlying tax liability and does not dispute that liability yet seeks an abatement of the penalty without first

paying in full the penalty amount.

Plaintiff cites no authority for the proposition that *Shore's* exception to the full payment rule applies in a situation where the tax payer does not contest the underlying tax liability. Plaintiff relies on *Shore* for the proposition that if the tax payer concedes that it owes the underlying tax liability, and has paid an amount (here the underlying tax liability) that exceeds the amount of the assessed penalty, the tax payer need not pay the assessment amount before seeking to have it abated. *Shore* says no such thing and the Federal Court of Claims has addressed and rejected this interpretation. In *Nasharr v. United States*, 105 Fed. Cl. 114 (2012), the court held that it lacked subject matter jurisdiction over plaintiff's tax abatement claim, rejecting the suggestion made by plaintiff here. Discussing *Flora's* full payment rule and *Shore's* exception to that rule, the *Nasharr* court explained:

> This case is unusual in that plaintiffs are not making any refund claim on the underlying tax; plaintiffs are challenging only the penalty levied for their failure to pay. Defendant points out that, in fact, plaintiffs' penalty claim would not be fully determined by their tax refund claim if plaintiffs had made a tax refund claim. However, because plaintiffs still have an outstanding balance of $270,494.20, of which $168,730.22 is owed for penalties and interest, plaintiffs have not satisfied the full payment rule. Plaintiffs appear to counter this position by arguing that they have made sufficient payments towards their 2003 tax liability to cover the amount of accumulated penalty that they are challenging. ("We assert that an amount exceeding the requested penalty has indeed been voluntarily paid."). This appears to be an extrapolation of the basic principle embraced in *Flora* that a taxpayer must have first paid the

11

amount that he subsequently challenges in court. The upshot of plaintiffs' contentions seems to be that, because they are only challenging the failure to file penalty, that is the only amount that must have been paid prior to filing suit.

* * *

In order to gain access to the courts, a taxpayer first must pay the amount assessed by the IRS before he is allowed to challenge the validity of the amount. This procedure has been implemented because it is the one most likely to ensure that the IRS collects the revenue that it is owed. Similarly, those taxpayers who are delinquent in filing and paying their taxes should be penalized. Were this court to adopt plaintiffs' proposed scheme, however, it would be possible for litigation as to the validity of the underlying tax to then be brought in two steps. First, a plaintiff would pay and challenge the penalty while "conceding" the validity of the underlying tax. If successful, the hurdle for plaintiff under the full payment rule would be lowered, and the same money that was paid to challenge the penalty could then be substituted to pay for the tax. This would result in obstructionist litigation that would deprive the public fisc of the entire sum initially assessed and potentially ease the burden assumed by those taxpayers who chose not to file and pay their taxes on time. Neither of these results is desirable. *Flora* and *Shore* command that plaintiffs must pay both the full amount of the tax owed, as well as the amount of the penalty that they separately challenge, in order to establish jurisdiction. Because plaintiffs still have an outstanding tax liability of $270,494.20—inclusive of a failure to file penalty, a failure to pay penalty, and the resulting interest—plaintiffs have not fulfilled the mandate of the full payment rule.

105 Fed. Cl. at 118-19. *See also Diamond v. United States*, 115 Fed. Cl. 516, 526 (2014) (noting that *Flora's* full payment rule applies "to penalties imposed by the IRS," citing *Nasharr*).

Plaintiff does not contest the underlying tax liability that he has paid in full and

he has not sought a refund of that amount. He was required under *Flora*, as interpreted in *Shore*, to pay the full amount of the penalty assessment before seeking a refund of that penalty. Nor has Plaintiff filed a refund action under 26 U.S.C. § 7422 seeking a refund of any amounts paid. His admitted failure to meet these jurisdictional prerequisite deprives this Court of subject matter jurisdiction over this action.

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: DEC 2 1 2017

Paul D. Borman
United States District Judge